McWILLIAMS, Senior Circuit Judge,
Dissenting.
In reviewing the denial by a district court of a defendant’s motion to suppress, we consider the totality of the facts and circumstances in the light most favorable to the government. United States v. Gay, 240 F.3d 1222, 1225 (10th Cir.2001). The facts and circumstances in the instant case are not in dispute. Such being the case, our task on appeal is to determine, de novo, whether based on the undisputed facts, Officer Brede’s conduct in the instant case was “reasonable” as required by the Fourth Amendment. I am of the firm view that Officer Brede’s conduct was reasonable and did not violate the Fourth Amendment. (It appears to me that the majority has reviewed the facts and circumstances in the instant case in the light most favorable to Mitchell.)
At the hearing on the motion to suppress, Officer Brede, who was the only witness, testified that he “frisked” Mitchell because he “wanted to ensure that he did not have any weapons on him,” and that his concern was based in part on his personal experience with the area. Officer Brede testified that his encounter with Mitchell was in an area of town frequented by prostitutes, drug dealers and drug users where persons often carried weapons. In this regard, the district court held that Officer Brede was “reasonably concerned for his safety and therefore, began *620 a pat-down search of defendant.” I would also emphasize that Officer Brede’s encounter with Mitchell was definitely “confrontational,” in the sense that Mitchell had the stolen property in his hands! The fact that a handgun and five rounds of ammunition were located in Mitchell’s jacket does not validate the search, but does, perhaps, illustrate Officer Brede’s concern for his personal safety. (The handgun was the basis for the charge that Mitchell, who had prior felony convictions, unlawfully possessed a firearm in violation of 18 U.S.C. § 922(g).) I do not agree with the suggestion that Officer Brede’s conduct “is as mind-boggling as it is unconstitutional.” In my view, Officer Brede’s conduct was neither “mind-boggling” nor “unconstitutional.”
I believe the district court’s denial of Mitchell’s motion to suppress is consistent with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In Terry, where the Supreme Court found the “frisk” to be reasonable,[1] the Court spoke as follows:
Certainly it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties. American criminals have a long tradition of armed violence, and every year in this country many law enforcement officers are killed in the line of duty, and thousands more are wounded. Virtually all of these deaths and a substantial portion of the injuries are inflicted with guns and knives.
Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others is in danger. And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or “hunch,” but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.
Id. at 23, 27. (Citations omitted).
Accordingly, I would affirm.

. In Terry, the "frisk” occurred in an area of Cleveland known for pick-pockets and shoplifters, and the officer had observed what he thought was "suspicious behavior” by the person searched.